UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Jamie E.,[1]                                              File No. 22-cv-2393 (ECT/JFD)

      Plaintiff,

v.                                                        **OPINION AND ORDER**

Kilolo Kijakazi, *Acting Commissioner of
Social Security*,

      Defendant.
_____

Clifford Michael Farrell, Manring & Farrell, Columbus, OH, and Edward C. Olson, Reitan Law Office, Minneapolis, MN, for Plaintiff.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, and James D. Sides and Linda H. Green, Social Security Administration, Baltimore, MD, for Defendant.

_____

After the Social Security Administration denied Plaintiff Jamie E.'s application for social-security disability insurance and supplemental security income benefits, she brought this action challenging the decision. The parties have filed cross-motions for summary judgment on the administrative record. Because substantial evidence supports the decision to deny Plaintiff's application, Plaintiff's motion will be denied, and Defendant's motion will be granted.

Plaintiff filed an application for Disability Insurance and Supplemental Security Income benefits on August 31, 2020. Admin. Rec. [ECF No. 11] at 258–61; 277–85.

---

[1]    This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

Plaintiff alleged that she became disabled on June 20, 2020, as a result of polycystic ovary syndrome, borderline personality disorder, depression, anxiety, post-traumatic stress disorder (PTSD), attention-deficit hyperactivity disorder (ADHD), bulimia, and chronic pain. *Id.* at 278. Plaintiff was twenty-seven years old at the time she applied for benefits.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled

if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After the Social Security Administration denied Plaintiff's application for benefits initially and on reconsideration, Admin. Rec. at 92, 116, 132, 142, she requested a hearing before an Administrative Law Judge. Plaintiff testified at the hearing and was represented by a non-attorney representative. *Id.* at 52–69. After the hearing, the ALJ determined that Plaintiff had multiple severe impairments: asthma, chronic pain syndrome, super morbid obesity, depressive disorder, anxiety disorder, social phobia, borderline personality disorder, ADHD, other trauma and stressor-related disorder, and cannabis use disorder. *Id.* at 12–13. The ALJ found, however, that none of these impairments, either alone or in combination, met or medically equaled any listed impairments. *Id.* at 13–16. After reviewing Plaintiff's medical history, the ALJ found that Plaintiff had the RFC to perform light work with some physical and environmental restrictions. *Id.* at 17. The ALJ restricted

3

Plaintiff to simple routine repetitive tasks and found that she "may have occasional superficial contact with others," defining "superficial" as an occupation "rated no lower than an 8 on the Selected Characteristics of Occupations' people rating." *Id.* Because of this RFC, the ALJ found that Plaintiff had the capacity to perform her past relevant work as a molding machine tender or production assembler. *Id.* at 23. The ALJ thus concluded that Plaintiff was not disabled. *Id.* at 25. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, *id.* at 1–5, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

Review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

(1) Plaintiff first contends that the ALJ erred by not properly accounting for the functional restrictions imposed by state agency psychologists. According to Plaintiff, the psychologists' restrictions were "lost in translation," ECF No. 20 at 13, leading the ALJ

4

to fail to incorporate them effectively into Plaintiff's RFC, despite the ALJ finding the psychologists' opinions persuasive. The state agency psychologists opined that Plaintiff should be limited to "brief and superficial" contact with coworkers and the public. Admin. Rec. at 89, 113. As noted above, the ALJ restricted Plaintiff to "occasional superficial contact with others," defining "superficial" as an occupation "rated no lower than an 8 on the Selected Characteristics of Occupations' people rating." *Id.* at 17. Plaintiff argues that there is not substantial evidence in the record to support the ALJ's determination in this regard.

This is not persuasive. Plaintiff offers no authority for her argument that the ALJ's determination is substantively different from the state agency psychologists' opinions. The reviewing psychologists found that Plaintiff was limited to "brief and superficial" contact with coworkers and the public. The ALJ expounded on the definition of "superficial" in the context of Plaintiff's RFC, in essence describing how a vocational expert might incorporate the limitation into the expert's evaluation of whether jobs exist in the national economy that are consistent with Plaintiff's functional limitations. The ALJ did not fail to incorporate any restrictions he found persuasive, and Plaintiff's argument to the contrary is without merit.

Moreover, even if the ALJ's interaction restriction is not the same as that found by the state agency psychologist, the ALJ alone is responsible for determining Plaintiff's limitations. *See* 20 C.F.R. § 404.1546(c); *see also Mark S. v. Saul*, No. 18-cv-02936 (HB), 2020 WL 1043795, at *7 (D. Minn. Mar. 4, 2020) ("The ALJ is responsible for assessing a claimant's RFC."). The ALJ "is not required to adopt all limitations proposed by [expert

reviewers]—even if the ALJ has accorded that [expert's] opinion substantial weight." *Mark S.*, 2020 WL 1043795, at *6. Rather, the RFC must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013). The ALJ thoroughly examined all of the evidence in the record in explaining how he determined Plaintiff's RFC. The RFC is supported by substantial evidence.

(2) Plaintiff's second assertion is that the ALJ erred in evaluating the opinions of Plaintiff's treating therapist, Dr. Tatyana Zharkova. Plaintiff argues that the ALJ did not sufficiently consider the supportability and consistency of Dr. Zharkova's opinions, and instead took a "narrow view" of Dr. Zharkova's assessment, failing to explain how that assessment was inconsistent with the record as a whole. ECF No. 20 at 18.

An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). However, "the ALJ is not required to explicitly reconcile every conflicting shred of medical evidence." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (cleaned up).

The ALJ thoroughly discussed both Dr. Zharkova's disability-specific opinions, rendered on a check-box form, and the treatment notes of Plaintiff's medication-management visits with Dr. Zharkova, concluding that Dr. Zharkova's clinical notes did not support the limitations she imposed on the form. Admin. Rec. at 22. For example, the ALJ found that most of Plaintiff's mental status examinations with Dr. Zharkova were within normal limits and that Dr. Zharkova appeared to rely heavily on Plaintiff's subjective reports of her own limitations, rather than what objective findings might support. *Id.* at 23. The ALJ also pointed out that Dr. Zharkova's statement that Plaintiff's symptoms worsened in an employment situation was "demonstrably false" given that Plaintiff had maintained steady employment at the same employer for years despite her mental-health issues, and Plaintiff's increase in mental-health difficulties were not tied to her employment. *Id.* The ALJ more than adequately evaluated the supportability and consistency of Dr. Zharkova's opinions.

Substantial evidence supports the ALJ's determination that the limitations Dr. Zharkova included on the form were not supported by or consistent with the record as a whole. An opinion "rendered on a check-box and fill-in-the-blank form" is "entitled to relatively little evidentiary value on its face." *Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir. 2022). The ALJ does not err in giving such forms little weight, especially when other objective evidence in the record does not bear out the form's restrictions. *Id.* As addressed above, the ALJ's conclusion that Dr. Zharkova's opinions regarding Plaintiff's limitations were unpersuasive is consistent with the law and supported by substantial evidence.

7

## ORDER

Substantial evidence in the record supports the ALJ's determination that Plaintiff is not disabled. Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment [ECF No. 19] is **DENIED**.

2. Defendant's Motion for Summary Judgment [ECF No. 22] is **GRANTED**.

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 7, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court